IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CICERO-BERWYN ELKS LODGE No.1510;<br>DES PLAINES ELKS LODGE No.1526;<br>QUINCY ELKS LODGE No.100 OF THE<br>BENEVOLENT AND PROTECTIVE ORDER OF<br>ELKS; MT. CARMEL LODGE No. 715;<br>B.P.O.E. DEKALB ELKS No. 765;<br>DIXON LODGE #779; B.P.O.E.;<br>ELKS LODGE No. 914,<br>B.P.O.E. PONTIAC LODGE No.1019,<br>ROBINSON ELKS LODGE No.1188,<br>CARMI ELKS LODGE No. 1652;<br>FLORA ELKS LODGE No. 1659;<br>SALEM ELKS LODGE No. 1678;<br>OGLESBY ELKS B.P.O.E. 2360;<br><br>        Plaintiffs,<br>v.<br><br>PHILADELPHIA INSURANCE COMPANY,<br><br>        Defendant. | No.   2012 CV 10257<br><br>HON. JUDGE FEINERMAN |

## PLAINTIFFS' RESPONSE TO COURT ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NOW COMES the Plaintiffs CICERO-BERWYN ELKS LODGE No.1510 et al., by their attorneys, and respond to this Honorable Court's order to show cause why this case should not be remanded to the Circuit Court of Cook County, Illinois:

### FACTS

Plaintiffs agree that this matter should be remanded to State Court pursuant to the Class Action Fairness Act. *28 U.S.C. Sections 1332(d)*.

Plaintiffs in this matter originally filed their class action complaint in the Circuit Court of

1

Cook County, Illinois on November 9, 2012. The named Plaintiffs in this matter are all residents of the State of Illinois. The Proposed Class includes nearly 700 Elks Lodges throughout the United States including 17 Lodges that are resident in the State of Pennsylvania.

Defendant asserts in Paragraph 6 of its Notice of Removal that it is a Pennsylvania Corporation having its principal place of business in Bela Cynwyd, Pennsylvania. (Please see Docket Entry # 1). Defendant also claimed in Paragraph 8 of its Notice of Removal that the damages sought by Plaintiffs were in excess of $75,000 which is correct. *Id.*

As pled by Plaintiffs in Paragraph 19 of their Complaint, collectively, the damages of the Proposed Class exceed $750,000.00, but individually (including the individual damages of the named Plaintiffs) the damages are in the range of several hundred to a few thousand dollars per lodge. A true and accurate copy of Plaintiff's original State Complaint was attached to Defendant's Notice of Removal as "Exhibit A." (Please see Docket Entry # 1). (A true and accurate copy of the Plaintiff's State Complaint is attached hereto as **EXHIBIT A**).

Further, Plaintiffs' Michigan counsel was in contact with the underwriter for Defendant and then eventually the corporate attorney in 2012, prior to the filing of this suit. Defendant was made aware that the damages suffered by any one Elks Lodge is in the range of $230 to a high of $6,350. Defendant's in-house counsel, Scott Yurko, was provided with an itemized list of lodges with their overcharges by year with totals for the five years in question on May 9, 2012. (A true and accurate copy of the e-mail exchange as well as the damage breakdown is attached hereto as **EXHIBIT B**).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS DO NOT MEET THE AMOUNT IN CONTROVERSY TO MEET FEDERAL JURISDICTIONAL REQUIREMENTS.**

Defendant removed this case from the State Court pursuant to 28 U.S.C §§ 1332, 1441, and 1446. The premise of Defendants' removal was made pursuant to §1332(a). It provides:

> (a) The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between –
>
> (1) Citizens of different states;

Although the language of the statute is subject to clarification, federal courts have not permitted *aggregation* of claims for purposes of determining the jurisdictional amount. *See Del Vecchio vs. Conseco, Inc.*, 230 F.3d 974, 977 (7th Circ 2000). In order for Section 1332 diversity jurisdiction to attach, the damages of an individual Plaintiff's claim must exceed $75,0000. However, Defendants are asserting that the sum of *each Plaintiff's damages*, added together, constitute an amount in excess of $75,000. This is improper *aggregation* of claims, as each named plaintiff's claim must be considered separately from any other plaintiff's claim for purposes of determining the jurisdictional amount. *Id.* See also *In re: Brand Name Prescription Drugs*, 123 F. 3d 599, 610 (7th Cir. 1997).

Here, no individual Plaintiff, nor any Proposed Class Member has damages anywhere near the required $75,000 jurisdictional amount, and for that reason alone, this Court is divested of jurisdiction.

II. **FURTHER, PLAINTIFF'S CLAIMS DO NOT MEET THE AMOUNT IN CONTROVERSY TO SUSTAIN A CLASS ACTION IN FEDERAL COURT UNDER THE PROVISIONS OF THE CLASS ACTION FAIRNESS ACT.**

The Court does not have jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 (hereinafter "CAFA"), providing an additional basis for

remandment.

CAFA provides that in a class action case involving 100 or more class members, the District Courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *28 U.S.C. § 1332(d)(2).* Plaintiffs have pled that their aggregate damages (which CAFA takes into account, as opposed to 28 U.S.C § 1332(a)), exceed $750,000, (Docket # 19, Para. 33), but this is nowhere near the statutorily required figure of $5,000,000.

### III. THE DISTRICT COURT DOES NOT HAVE JURISDICTION PURSUANT TO 28 U.S.C. § 1332(c).

28 U.S.C. § 1332(c) also divests the District Court of jurisdiction in this matter. It provides in relevant part:

> (c)  For purposes of this section and section 1441 of this title –
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business;

The insureds, Elks Lodges throughout the United States, are not joined here as party defendants in this case. The statute defines a defendant insurance company as a citizen of the state of which its insured is a citizen. *28 U.S.C. § 1332 (c)(1)(A).*

4

IV.     **REMAND PURSUANT TO 28 U.S.C. § 1447**

A motion to remand the case on the basis of lack of subject matter jurisdiction may be made at any time. 28 U.S.C. §1447(c). It provides:

> (c)     A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

The Seventh Circuit has held that "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

It is not necessary that the removal be made in bad faith in order to compensate the Plaintiffs for their costs and attorney fees. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143 (10TH Circ.N.M.)

Defense counsel is well versed in federal questions and subject matter jurisdiction and the necessity for knowing and understanding Rule 11. (Please see Defense Counsel's February 14, 2013 letter, attached hereto as **EXHIBIT C**). The award of costs and attorney fees does not require bad faith and is not intended as punishment. The purpose is to even the playing field so that the Plaintiffs and their attorneys are not made to suffer additional expenses caused by the Defendant's removal.

In this case, three attorneys appeared in court at the first hearing, one traveling from the Detroit, Michigan area, and one of Plaintiffs attorneys attended the subsequent hearing on Defendant's Motion to Dismiss.

5

In sum, Defendant knew that no one Plaintiff could meet the jurisdictional limitation of the Diversity Statute and that this Court does not have jurisdiction in this matter, through either diversity or under CAFA and remand to the State Court is appropriate.

                                        THE MORAN LAW GROUP

                            By: /s/ Matthew T. Layman
                                        One of the Attorneys for Plaintiffs
                                        309 West Washington Street, Suite 900
                                        Chicago, IL 60606

Date: March 12, 2013              (312) 630-0200

                                      SILLS, CHARBONEAU & BARNETT, P.C.

                            By: /s/ Thomas R. Charboneau, Jr.
                                        THOMAS R. CHARBONEAU, JR. (P31837)
                                        Attorney for Plaintiffs
                                        2041 E. Square Lake Road, Suite 100
                                        Troy, MI 48085

Date: March 12, 2013              (248) 644-3600